IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUSAN HATAMIEH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-1599 |
| | § | |
| KROGER TEXAS LP, | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant KROGER TEXAS LP ("Defendant") in the cause styled "Sousan Hatamieh v. Kroger Texas LP" originally pending as Cause No. CC-16-02328-C in the County Court at Law No. 3 of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas LP (real party at interest Kroger Texas L.P.) at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principle place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about May 14, 2014, she was seriously injured as a result of hazardous conditions due to construction work that left boxes around without warning signs. Plaintiff filed suit on May 9, 2016, in the County Court at Law No. 3 of Dallas County, Texas, alleging negligence causes of action against Defendant.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she seeks monetary relief over $200,000 but not more than $1,000,000.[1]  Specifically, Plaintiff seeks damages for past and future: medical care and expenses, physical pain and suffering, mental anguish and physical

---

[1] *See Plaintiff's Original Petition* attached hereto as Exhibit A.

impairment.[2] Plaintiff also seeks costs of court, pre-judgment interest, post-judgment interest and such other and further relief to which Plaintiff may be justly entitled.[3]  As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[4]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b).  Defendant first became aware this case was removable on or about May 16, 2016, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on May 9, 2016.  *See* 28 U.S.C. § 1446(b).

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

---

[2] *Id.*
[3] *Id.*
[4] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the County Court at Law No. 3 of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

| | |
|---|---|
| Exhibit 1 | State court docket sheet (as of June 14, 2016); |
| Exhibit A | Plaintiff's Original Petition with Service of Citation (filed 05/09/16); and |
| Exhibit B | Defendant Kroger Texas LP's Original Answer (filed 05/31/16). |

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**
Attorney-in-Charge
State Bar No. 24069421
kbriscoe@peavlergroup.com
**D. Luke McMahan**
State Bar No. 24051032
lmcmahan@peavlergroup.com
THE PEAVLER GROUP
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the counsels of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on June 14, 2016.

/s/ B. Kyle Briscoe
B. Kyle Briscoe