# EXHIBIT 1

Exhibit 1

## CC-16-02328-C - SOUSAN HATAMIEH vs.KROGER TEXAS LP

Case Number: CC-16-02328-C
File Date: 05/09/2016
Case Status: OPEN

Court: County Court at Law No. 3
Case Type: DAMAGES (NON COLLISION)

PLAINTIFF : HATAMIEH, SOUSAN

**Active Attorneys**
   Lead Attorney:
     **ALMASRI, SAM**
   Retained
   Work Phone: 214-227-2777
   Fax Phone: 214-227-2271

DEFENDANT : KROGER TEXAS LP
Address:
  Corporations Company D/B/A CSC- INCO
  211 E. 7TH STREET, SUITE 620
  AUSTIN TX 78701

**Active Attorneys**
   Lead Attorney:
     **MCMAHAN, D LUKE**
   Retained
   Work Phone: 214-999-0550
   Fax Phone: 214-999-0551

**05/09/2016 NEW CASE FILED (OCA)**
**05/09/2016 ORIGINAL PETITION**
   PETITION
   CIVIL CASE INFORMATION
   Comment: ORIGINAL PETITION
**05/09/2016 ISSUE CITATION**
   ISSUE CITATION
   Comment: PLACED IN ATTORNEY PICK-UP BOX 5/10/2016 ET
**05/10/2016 CITATION (SERVICE)**
   Anticipated Server: ATTORNEY   Anticipated Method:
   Actual Server: CERTIFIED MAIL   Returned: 05/24/2016 1:38 PM
**05/24/2016 RETURN OF SERVICE**
   RETURN OF SERVICE
   Comment: CITATION SERVED BY CERTIFIED MAIL ON 05/16/2016 @ 9:47 AM
**05/31/2016 ORIGINAL ANSWER**
   ORIGINAL ANSWER



Loading financial information, please wait...

PETITION
CIVIL CASE INFORMATION
ISSUE CITATION
RETURN OF SERVICE
ORIGINAL ANSWER

# EXHIBIT A

Exhibit A

Case 3:16-cv-01599-B   Document 1-2   Filed 06/14/16   Page 4 of 17   PageID 10

FILED
5/9/2016 2:45:55 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-16-02328-C

| | | |
|---|---|---|
| SOUSAN HATAMIEH<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| V. | §<br>§ | NO. _____ |
| KROGER TEXAS LP | §<br>§ | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Sousan Hatamieh, hereinafter called Plaintiff, complaining of and about Kroger Texas LP., hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.   Plaintiff, Sousan Hatamieh, is an Individual whose address is 7216 Sugar Maple Dr., Irving, TX 75063.

3.   The last three numbers of Sousan Hatamieh's social security number are 424.

4.   Defendant Kroger Texas LP, a foreign corporation that does regular commercial business in Texas, may be served with process by serving the registered agent of said company, Corporations Service Company D/B/A CSC-Lawyers INCO., at 211 e. 7th Street Suite 620, AUSTIN, TX 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. only monetary relief of over $200,000.00 but not over $1,000,000.00.

7. This court has jurisdiction over the parties because Defendant engages in commercial activity throughout Dallas Texas, thereby meeting the minimum contacts standard.

8. Venue in Dallas County is proper in this cause.

## FACTS

9. The lawsuit results from an incident that occurred on May 14, 2014.

10. Sousan Hatamieh entered upon said premises for the purpose of buying goods from Defendant's store.

11. During the time that Sousan Hatamieh was upon Defendant's property, Sousan Hatamieh was seriously injured as a result of hazardous conditions due to construction work that left boxes around without warning signs. Plaintiff fell inside the Kroger due to the lack of warnings and the dangerous conditions created. Due to this dangerous condition, Plaintiff Sousan Hatamieh sustained serious injuries to her body.

12. Sousan Hatamieh's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT KROGER TEXAS LP.

13. At all times mentioned herein, Defendant Kroger owned the property in question, located at 7705 N. Macarthur Blvd. Irving, TX 75063.

14. At all times mentioned herein, Defendant KROGER had such control over the

premises in question that Defendant KROGER owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant KROGER, Defendant's agents, servants, and employees negligently permitted the floor to become slick, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant KROGER or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

16. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant KROGER or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

17. At all times pertinent herein, Defendant KROGER, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B.    Failing to maintain the floor in a reasonably safe condition;

    C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area; and

    D.    Failing to give warnings to Plaintiff of the unsafe condition.

**PROXIMATE CAUSE**

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the

injuries and damages set forth below.

### DAMAGES FOR PLAINTIFF, SOUSAN HATAMIEH

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Sousan Hatamieh was caused to suffer bodily injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sousan Hatamieh has incurred the following damages:

  A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sousan Hatamieh for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

  B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Mental anguish in the past;

  E. Physical pain and suffering in the future;

  F. Mental anguish in the future;

  G. Physical impairment in the past; and

  H. Physical impairment which, in all reasonable probability, will be suffered in the future.

21. By reason of the above, Plaintiff, Sousan Hatamieh has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sousan Hatamieh, respectfully

prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ALMASRI MARZWANIAN & SPEULVEDA LAW GROUP PLLC

By: _____
Sam Almasri
Texas Bar No. 24053071
Email: sam@theamslawgroup.com
9330 LBJ Freeway, Suite 900
Dallas, Texas 75243
Tel. (214) 227-2777
Fax. (214) 227-2271
Attorney for Plaintiff
Sousan Hatamieh

# THE STATE OF TEXAS CITATION

CAUSE NO. CC-16-02328-C
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

**FILED**
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2016 MAY 24 PM 1:38

TO:

**KROGER TEXAS LP**
SERVE REG. AGENT: CORPORATIONS SERVICE COMPANY
D/B/A CSC-LAWYERS INCO.
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**SOUSAN HATAMIEH**
*Plaintiff(s)*

VS.

**KROGER TEXAS LP**
*Defendant(s)*

filed in said Court on the 9th day of May, 2016 a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 10th day of May, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
Eric Tucker

---

**ATTORNEY CITATION**
**PLAINTIFF'S ORIGINAL PETITION**
CC-16-02328-C

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

SOUSAN HATAMIEH, *Plaintiff(s)*

VS.

KROGER TEXAS LP, *Defendant(s)*

SERVE:
**KROGER TEXAS LP**
SERVE REG. AGNET:
CORPORATIONS SERVICE
COMPANY
D/B/A CSC-LAWYERS INCO.
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

ISSUED THIS
10TH DAY OF MAY, 2016

JOHN F. WARREN, COUNTY CLERK
BY: ERIC TUCKER, DEPUTY

Attorney for Plaintiff
SAM ALMASRI
ALMASRI MARZWANIAN &
SEPULVEDA LAW GROUP PLLC
9330 LBJ FREEWAY
SUITE 900
DALLAS TX 75243
214-227-2777

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-16-02328-C  County Court at Law No. 3

SOUSAN HATAMIEH vs. KROGER TEXAS LP

**ADDRESS FOR SERVICE:**
CORPORATIONS COMPANY D/B/A CSC-LAWYERS INCO
211 E 7TH STREET, SUITE 620
AUSTIN TX  78701

Fees:
Came to hand on the 10th day of May, 2016, at 12 o'clock P.m., and executed in TRAVIS County, Texas by delivering to KROGER TEXAS LP ~~in person~~, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

Name: Kroger Texas LP by serving registered agent Corporation Service Company

Date/Time: 5/16/16 9:47A

Place, Course and Distance from Courthouse: 211 E. 7th St. #620, Austin, TX, 78701

~~And not executed as to the defendant(s),~~ * by certified mail # 70122920 0000 9607 4582

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy    $ _____

Total    $ 75

Corina Ann Woods, ~~Officer~~
#10836, ~~County,~~ Texas
By: Exp 3/31/17, ~~Deputy~~
Corina A. Woods, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 23rd DAY OF May 2016
x Heather Bak

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   KROGER TEXAS LP
   C/O CORPORATION SERVICE COMPANY
   211 E. 7TH ST. #620
   AUSTIN, TX 78701

   9590 9403 0857 5215 0432 07

2. Article Number (Transfer from service label)

   7012 2920 0000 9607 4582

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  MAY 1 8 2016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
       Mail Restricted Delivery
       00)
   ☒ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

5/16
9:47Am

LEGAL DOCUMENT MANAGEMENT
N900 LBJ FREEWAY #330
DALLAS, TX 75240

USPS TRACKING#



9590 9403 0857 5215 0432 07

# EXHIBIT B

Exhibit B

Case 3:16-cv-01599-B   Document 1-2   Filed 06/14/16   Page 14 of 17   PageID 20

FILED
5/31/2016 4:45:46 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-16-02328-C

| | | |
|---|---|---|
| SOUSAN HATAMIEH, | § | IN THE COUNTY COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| KROGER TEXAS LP, | § | |
|    Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT KROGER TEXAS LP'S ORIGINAL ANSWER

Defendant Kroger Texas L.P. hereby files its Original Answer to Plaintiff's Original Petition, and in support thereof, states as follows:

## GENERAL DENIAL
### I.

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## DEFENSIVE MATTERS
### II.

Pleading further, Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her alleged injuries and damages. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries.

**III.**

Defendant claims that Plaintiff's alleged damages or injuries were caused by the acts and/or omissions of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries.

**IV.**

Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

**V.**

Defendant would show that the accident complained of was an unavoidable accident as that term is known in law.

**VI.**

Defendant states that Plaintiff's damages complained of, if any, were the result of prior or pre-existing injuries, accidents or conditions, and said prior or pre-existing injuries, accidents or conditions were the sole and/or a contributing cause of the Plaintiff's alleged damages.

**VII.**

Plaintiff has breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

**VIII.**

Defendants claim that Plaintiff is malingering and exaggerating the nature and severity of his injuries in order to continue treatment, and accordingly, Defendants contend that said

treatment is not medically necessary or reasonable.

**IX.**

Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

**X.**

Defendant states that in the unlikely event that an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

**REQUEST FOR COURT REPORTER**
**XI.**

Defendant respectfully demands a court reporter be present at all proceedings.

**PRAYER**
**XII.**

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas LP respectfully prays that Plaintiff take nothing by this cause of action, that it be permitted to recover the costs expended on its behalf, and for such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ D. Luke McMahan
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlergroup.com
**D. Luke McMahan**
State Bar No. 24051032
lmcmahan@peavlergroup.com
**THE PEAVLER GROUP**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on May 31, 2016.

/s/ D. Luke McMahan
D. Luke McMahan