UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SOUSAN HATAMIEH | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1599-B |
| | § | |
| KROGER TEXAS LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. Doc. 15. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## I.

## BACKGROUND[1]

This is a premises liability case. Plaintiff Sousan Hatamieh filed suit in Texas state court claiming that she was injured in one of Defendant Kroger Texas LP's (Kroger) stores when she slipped and fell while trying to reach straws on a shelf. Doc. 1-2, Notice of Removal, Ex. 1-A. Allegedly, Kroger was remodeling the store, which resulted in an uneven and slippery floor in the aisle where the straws were located. Doc. 16, Def.'s Br., 2. Hatamieh also claims that there was a stocking cart full of boxes in the aisle that she was required to reach around in order to get to the

---

[1] The Court draws its factual history from the pleadings and the summary judgment record. Any contested fact is identified as the contention of a particular party.

straws. *Id*. Kroger removed the action to this Court on the basis of diversity jurisdiction, Doc. 1, Notice of Removal, and then filed its Motion for Summary Judgment, Doc. 15, Mot. for Summ J. Kroger claims Hatamieh produced no evidence for several of the elements of a Texas premises-liability claim and therefore summary judgment is appropriate. Doc. 16, Pl.'s Br., 15. Kroger's Motion is ripe for review.

## II.

## LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material, and only a dispute over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986). The Court must view the facts and the inferences drawn from the facts in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Once the summary judgment movant has met his burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). A non-movant may not simply rely on the Court to sift through the record to find a fact issue but must point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant provides must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586 . This evidence must be such that a jury could reasonably find in the non-movant's

favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

## III.

## ANALYSIS

Kroger moves for summary judgment on three grounds: (1) the alleged uneven and slippery floor was not an unreasonably dangerous condition; (2) the stocking cart and boxes did not proximately cause Hatamieh's fall; and (3) the stocking cart and boxes was an open and obvious condition. Hatamieh responds that the stocking cart and boxes was a dangerous condition and that Kroger knew or should have known of the condition. Doc. 16., Pl.'s Br., 6, 12–13.

It is not disputed that Hatamieh was Kroger's invitee.[2] As such, Kroger owed a duty to exercise reasonable care to protect Hatamieh from dangerous conditions in the store that were known or reasonable discoverable. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To establish a premises liability claim as an invitee, Hatamieh must show (1) actual or constructive knowledge of some condition on the premises by Kroger; (2) that the condition posed an unreasonable risk of harm; (3) that Kroger did not exercise reasonable care to reduce or eliminate the risk; and (4) that Kroger's failure to use such care proximately caused Hatamieh's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Kroger's Motion focuses on elements two and four while Hatamieh's response focuses on element one, and to some extent, element two.

---

[2] Hatamieh devotes part of her response brief to arguing that she should be considered an invitee, but Kroger acknowledged she was an invitee in its brief in support of its Motion. *See* Doc. 16, Def.'s Br., 4; Doc. 18, Pl.'s Resp., 5–6.

Because both parties present arguments under element two (whether the condition posed an unreasonable risk of harm), the Court will begin its analysis there. At the outset, there is some confusion about whether the allegedly dangerous condition was the slippery and uneven floor or the stocking cart and boxes. Plaintiff's original petition states that "Hatamieh was seriously injured as a result of hazardous conditions due to construction work that left boxes around without warning signs," and then later notes that Kroger "negligently permitted the floor to become slick." Doc. 1-2, Notice of Removal, Ex. 1-A. In her answer to Kroger's request for admissions, Plaintiff indicates that she was injured while reaching across the stocking cart filled with boxes in order to obtain the straws on the shelf. Doc. 17, Def.'s App'x, Ex. C. But then during her deposition, Hatamieh stated that she fell because the floor was slippery and that she did not have to walk around or reach over the stocking cart of boxes in order to reach the straws. *Id.* at Ex. B. In her response to Kroger's Motion, Hatamieh never mentions that the floor was slippery but states that "[t]he construction in the store that created the uneven floor surface without warning signs was a dangerous condition created by the premises. The stocking cart and boxes left in the aisle were also contributing to the dangerous condition." Doc. 18, Pl.'s Resp., 7. The Court will therefore assume that Hatamieh claims both the aisle floor and the stocking cart of boxes were unreasonably dangerous conditions and analyze both alleged conditions.[3]

    A.    *The Uneven and Slippery Floor*

Kroger argues that Hatamieh's only evidence that the uneven and slippery floor was an

---

[3]Although the uncertainty about what caused Hatamieh's fall could be a genuine issue of material fact precluding a grant of summary judgment, the Court finds, as addressed below, that Hatamieh fails to present evidence that either the aisle floor or the stocking cart and boxes were unreasonably dangerous conditions; therefore, summary judgment is appropriate.

unreasonably dangerous condition is the fact that she fell. Doc. 16, Def.'s Br., 6. Kroger claims that a plaintiff must produce more than her own testimony that she was injured in order to provide legally sufficient evidence of an unreasonably dangerous condition. *Id.* at 10–11. Hatamieh does not respond to Kroger's argument. The Court agrees with Kroger.

A condition is unreasonably dangerous when "there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). There is no definitive test to determine whether a condition is unreasonably dangerous, but Texas courts look to evidence of other injuries attributable to the same condition and evidence of defectiveness of the condition causing the injury to make this determination. *See, e.g., Brinson Ford, Inc. v. Alger*, 228 S.W. 3d 161, 163 (Tex. 2007); *Seideneck* 451 S.W.2d at 754. In regards to the condition of floors, evidence of a spill or liquid on the floor can be sufficient to demonstrate an unreasonably dangerous condition. *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 672 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A plaintiff must produce of other injuries or defective conditions because "the fact an accident happens is no evidence that there was an unreasonable risk of such an occurrence." *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968). Thus, Texas courts have consistently found evidence of an unreasonably dangerous condition insufficient when the plaintiff relies only on the fact that she was injured to demonstrate an unreasonably dangerous condition. *See Shoemaker v. Kohl's Dep't Stores, Inc.*, 05-16-00273-CV, 2017 WL 1192797, at *3 (Tex. App.—Dallas Mar. 31, 2017, no pet.) (collecting cases).

Here, Hatamieh produces no evidence other than her own testimony that she fell to prove

Kroger's uneven and slippery floor was an unreasonably dangerous condition. Kroger alleges that Hatamieh has conducted no discovery and has taken no depositions. Doc. 16, Def.'s Br., 10. Hatamieh does not dispute this fact and provides only an excerpt from her deposition as evidence of her claim. *See* Doc. 19, Pl.'s App. And Hatamieh never cites to the deposition in her response. The Court has nevertheless reviewed the excerpt as well as her original petition and the excerpt of her deposition and responses to Kroger's request for admissions that Kroger attached to its Motion. Nowhere does Hatamieh allege that anyone else was injured by the uneven and slippery floor. In fact, according to Kroger, when asked in an interrogatory if she was aware of any other injuries resulting from the alleged condition, she responded, "[p]laintiff is not aware of any other incident, event, claim or lawsuit that may arise out of the same circumstance." Doc. 16, Def.'s Br., 11. Hatamieh has not contested that this was her response. Neither does she allege there was anything wet on the floor. When asked this question during her deposition, Hatamieh stated only "I don't know." Doc. 17-1, Def.'s App., Ex. B. Similarly, when asked if she was wet after she fell, she answered only, "I don't remember." *Id.*

Hatamieh states in her deposition that she believed the floor was being remodeled so that the old flooring had been removed but the new flooring had not yet been laid down. *Id.* While such evidence could create a genuine issue of material fact about whether the condition of the floor at the time of her fall could be considered defective, Hatamieh has not produced more than a "scintilla of evidence" that this was the case. *Liberty Lobby, Inc.*, 477 U.S. at 252. When asked about the difference between the old flooring and the flooring at the time of her fall, Hatamieh responded that she could not remember what the old floor or the floor at the time of her fall looked like and that she believed the flooring at the time of her fall was different than it had been previously only because a

Kroger employee told her Kroger was remodeling the store. *Id.* These statements, which Hatemieh does not reference in her response, do not raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Therefore, Hatamieh has not met her burden to identify specific facts showing there is a genuine issue for trial.

    *B.*       *The Stocking Cart and Boxes*

Kroger argues that to the extent the stocking cart and boxes were an unreasonably dangerous condition, the condition was open and obvious to Hatamieh. Doc. 16, Def.'s Br., 13–14. Hatamieh does not respond to this argument directly but states that "[s]ince there was construction and the floor was already uneven and then there were boxes and a stocking cart left in the aisle, this created a known dangerous condition." Doc. 18, Pl.'s Resp., 6. She also argues that when employees are responsible for stocking an area, they have created a dangerous condition and have knowledge of that condition. *Id.* Although this argument appears to more fully support Hatamieh's claim that Kroger knew of an unreasonably dangerous condition, to the extent it presupposes that either the act of restocking or stocking materials is necessarily an unreasonably dangerous condition, the Court will address her argument here.

Hatamieh relies on *Coffee v. F.W. Woolworth Co.* for what she calls the "dangerous display rule." *Id.* at 7. In that case, the Texas Supreme Court held that Woolworth was liable for injuries sustained when the plaintiff tripped over an empty display platform in Woolworth's store. *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976). The *Coffee* court found that the empty display platform was an unreasonably dangerous condition because it sat low to the ground and, when empty, was the same color as the floor. *Id.* at 540. The court further found that the most reasonable explanation for why it was empty was because employees were in the process of restocking

the platform. *Id.* Although the process of restocking contributed to the creation of the unreasonably dangerous condition in the *Coffee* case, that court did not hold that the process of restocking or the presence of stocking materials necessarily creates an unreasonably dangerous condition.[4]

And Hatamieh has not met her burden to prove the stocking cart and boxes were an unreasonably dangerous condition in this case. Like the allegation that the uneven or slippery floor caused her fall, Hatamieh has produced no evidence other than the fact that she fell that the stocking cart and boxes were unreasonably dangerous. She does not allege that the condition caused anyone else to fall, nor does she allege that the stocking cart and boxes were defective. She relies solely on her testimony—which, as noted earlier, she several times contradicts—that she fell because of the stocking cart and boxes. Doc. 18, Pl.'s Resp., 3, 7. This evidence is insufficient to raise a genuine issue of material fact. Because the Court finds that Hatamieh failed to produce evidence that the stocking cart and boxes were an unreasonably dangerous condition, it need not address the implications of whether the stocking cart and boxes were open and obvious.

The Court finds that Hatamieh has failed to produce any evidence that either the uneven and slippery floor or the stocking cart and boxes were an unreasonably dangerous condition. Therefore, because her premises liability claim fails at element two (the condition posed an unreasonable risk of harm) the Court does not need to reach the parties' arguments under elements one or four.

---

[4]Because the Court does not reach Hatamieh's argument about Kroger's constructive notice, it declines to examine the relevance of the *Coffee* case to that claim.

## IV.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment, Doc. 15, is **GRANTED**. The clerk of court is directed to terminate the case.

**SO ORDERED.**

**SIGNED: February 21, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE